O’Neall, J.
delivered the opinion of the Court.
In general, one joint tenant, or tenant in common, cannot maintain trespass against his co-tenant, for an injury done to the joint or common property. There must be as between the plaintiff and defendant an exclusive right of property, or an actual possession. In the latter case, one joint tenant or tenant in common, may for an actual ouster, maintain trespass against his co-tenant. 3 Bur. 1827. Harman v. Gartman, Harp. 430. But if the injury complained of is the appropriating to a man’s own use, a personal chattel, in which he and another have a joint or common property; or for cutting down trees growing on, or removing fixtures from land, held in joint tenancy, or in common, this action cannot be maintained. 8 T. R. 145.
These principles are conceded in the case under consideration ; but it is supposed that the plaintiff and defendant were each seized in severalty of that portion of the fence, which lay on his respective side of the line. This is not the case : the common boundary is the property of both, and where a fixture is put on it by the labour of both, they are as to it, tenants in common. Each had an undivided interest in both the property and possession of it; and neither can maintain an action, which is predicated upon an exclusive right of property, or an actual possession. It is perhaps true, that if the defendant, in removing the fence, had entered upon the land of the plaintiff beyond the common boundary, it - might have been a trespass in law: but of that, there does not appear to have been any proof, and the whole injury complained of, was the removal of the old rails, and appropriation of them to the defendant’s use.
This case is very analogous to that of Burden v. Gervais, decided at Charleston in 1828. There a road was the common boundary; and the injury complained of was the digging a hole, and planting a post in the middle of it. The plaintiff claimed *391 the whole road; and the Court being of opinion, that the defendant’s title extended to the centre, refused to sustain the action for the probable trespass, committed on the plaintiff’s side of the line, in digging the hole.
In a case like the present, I should not anxiously look around, to discover some slight or possible evidence to establish a legal trespass, for which the plaintiff would be intitled to recover nominal damages. The injury in any point of view, was too trivial to be seriously regarded; and the legal maxim de minimis non curat lex, ought to prevent parties from obtruding every petty dispute on a Court of justice.
The motion for a nonsuit is granted.